UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFECO INSURANCE COMPANY
OF ILLINOIS and SAFECO
INSURANCE COMPANY OF
AMERICA,

      Plaintiffs,

v.                                            Case No:   2:16-cv-837-FtM-38CM

JOSEPH A. TREMBLAY, CODY
JAMES MORRISON, ROMARRIO
ANTHONY SCOTT, RAQUEL
MARIA NUNEZ, JULIE LIPPSON
and SETH LIPPSON,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion for Entry of Clerk's Defaults against Defendants Raquel Maria Nunez and Romarrio Anthony Scott (Doc. 45) filed on March 6, 2017.  Plaintiffs seek a Clerk's entry of default as to Defendants Raquel Maria Nunez ("Nunez") and Romarrio Anthony Scott ("Scott"). Doc. 45.  On December 8, 2016, Plaintiffs filed an Amended Petition for Declaratory Judgment against various defendants including Nunez and Scott.  Doc. 10.  On December 21, 2016, Plaintiffs filed Returns of Service.  Docs. 19, 20.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b)

provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.  *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A).  The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(A),(B).  Alternatively, the Court may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In Florida, service of original process may be made on an individual by leaving a copy of the complaint, petition, or other initial pleading "at his or her usual place of abode with any person residing therein who is fifteen years of age or older and informing the person of their contents."  Fla. Stat. §48.031(1)(a).

Here, for Nunez, the Return of Service states that on December 13, 2016, a process server for S&W Process Service delivered a true copy of the Summons in a Civil Action, Amended Petition for Declaratory Judgment, and Exhibits A-E to Pedro

Falcon, a co-resident who is fifteen years of age or older and was informed of the contents therein, at 2842 Ryan Blvd., Punta Gorda, FL 33950.  Doc. 19.  For Scott, the Return of Service states that on December 13, 2016, a process server for S&W Process Service personally delivered a true copy of the Summons in a Civil Action, Amended Petition for Declaratory Judgment, and Exhibits A-E to Scott at 25275 Rampart Blvd. Apt 808, Punta Gorda, FL 33983.  Doc. 20.  Affidavits by process servers constitute a prima facie showing that defendants have been served.  *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).   Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.  Nunez and Scott have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiffs' Motion for Entry of Clerk's Defaults against Defendants Raquel Maria Nunez and Romarrio Anthony Scott (Doc. 45) is **GRANTED**.

2.    The Clerk is directed to enter a Clerk's Default against Defendants

Raquel Maria Nunez and Romarrio Anthony Scott.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record