UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFECO INSURANCE COMPANY
OF ILLINOIS and SAFECO
INSURANCE COMPANY OF
AMERICA,

      Plaintiffs,

v.

JOSEPH A. TREMBLAY, CODY
JAMES MORRISON, ROMARRIO
ANTHONY SCOTT, RAQUEL
MARIA NUNEZ, JULIE LIPPSON
and SETH LIPPSON,

      Defendants.

Case No: 2:16-cv-837-FtM-38CM

## ORDER

This matter comes before the Court upon review of Plaintiffs' Unopposed Motion to Allow Service to Be Made upon Defendant Julie Lippson within a Specified Time *Nunc Pro Tunc* and Memorandum of Law in Support (Doc. 54) filed on March 20, 2017. Plaintiffs seek to extend the time to serve Defendant Julie Lippson ("Lippson") *nunc pro tunc* because they served Lippson two days after the deadline to serve her had expired. Doc. 54 at 2. Defendants Joseph A. Tremblay and Cody James Morrison do not oppose the requested relief.[1] *Id.* at 4.

---

[1] On March 6, 2017, the Court granted Plaintiffs' Motion for Entry of Clerk's Defaults against Defendants Raquel Maria Nunez and Ramarrio Anthony Scott. Docs. 45, 46. On March 7, 2017, the Clerk of Court entered default against Defendants Ramarrio Anthony Scott and Raquel Maria Nunez. Doc. 47.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for not serving a defendant within a specific time period, the court "must extend the time for an appropriate period." Fed. R. Civ. P. 4(m).

Here, Plaintiffs show good cause for their failure to timely serve Lippson. Fed. R. Civ. P. 4(m). On November 16, 2016, Plaintiffs filed a Petition for Declaratory Judgment against various defendants including Lippson. Doc. 1. Hence, Plaintiffs were required to serve Lippson on or before February 14, 2017. Fed. R. Civ. P. 4(m). Plaintiffs, however, allege that they were unable to serve Lippson until February 16, 2017, and they detail the efforts of their process servers to serve Lippson since November 30, 2016. Docs. 54 at 2; 54-1 at 7-8, 10-11. Upon review of the motion, the Court finds that Plaintiffs diligently attempted to timely serve Lippson and demonstrate good cause for their failure to do so. Docs. 54, 54-1. The Court therefore will grant the motion and extend the time for service.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Unopposed Motion to Allow Service to Be Made upon Defendant Julie Lippson within a Specified Time *Nunc Pro Tunc* and Memorandum of Law in Support (Doc. 54) is **GRANTED**.

2. Plaintiffs' service of process upon Defendant Julie Lippson on February 16, 2017 is deemed as timely served.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 3 -