UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFECO INSURANCE COMPANY
OF ILLINOIS and SAFECO
INSURANCE COMPANY OF
AMERICA,

       Plaintiffs,

v.                                                                                    Case No:   2:16-cv-837-FtM-38CM

JOSEPH A. TREMBLAY, CODY
JAMES MORRISON, ROMARRIO
ANTHONY SCOTT, RAQUEL
MARIA NUNEZ, JULIE LIPPSON
and SETH LIPPSON,

       Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion for Entry of Clerk's Default against Defendant Julie Lippson (Doc. 58) filed on March 22, 2017. Plaintiffs seek a Clerk's entry of default as to Defendant Julie Lippson ("Lippson"). Doc. 58.   On December 8, 2016, Plaintiffs filed an Amended Petition for Declaratory Judgment against various defendants including Lippson.   Doc. 10.   On February 17, 2017, Plaintiffs filed a Return of Service.[1]   Doc. 41.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

---

[1] On March 20, 2017, Plaintiffs filed a motion to extend the deadline to serve process upon Lippson *pro nunc tunc* because they served her on February 16, 2017, two days after the deadline to serve her had passed.   Doc. 54.   The Court granted Plaintiffs' motion and deemed Plaintiffs' service upon Lippson as timely served.   Doc. 55.

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Alternatively, the Court may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Florida, service of original process may be made on an individual by leaving a copy of the complaint, petition, or other initial pleading "at his or her usual place of abode with any person residing therein who is fifteen years of age or older and informing the person of their contents." Fla. Stat. §48.031(1)(a).

Here, the Return of Service states that on February 16, 2017, a process server

for S&W Process Service personally served Lippson by delivering a true copy of the Summons in a Civil Action, Amended Petition for Declaratory Judgment, and Exhibits A-E to Lippson, at 11500 2nd Ave., Punta Gorda, FL 33955.  Doc. 41. Affidavits by process servers constitute a prima facie showing that defendants have been served.  *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.  Lippson has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

Furthermore, Plaintiffs filed an unopposed motion to file a second amended petition because Plaintiffs sought to add a party and supplement their allegations. Doc. 56.  Along with the motion, Plaintiffs provided a copy of a Second Amended Petition for Declaratory Judgment ("Second Amended Petition") for the Court's review.  Doc. 56-1.  The Court granted Plaintiffs' motion and also directed the Clerk of Court to enter the Second Amended Petition (Doc. 56-1) as a separate docket entry. Doc. 57 at 3.  Before the Clerk of Court docketed the Second Amended Petition

pursuant to the Court's Order, Plaintiffs separately filed a Second Amended Petition for Declaratory Judgment (Doc. 59) with six exhibits (Docs. 59-1, 59-2, 59-3, 59-4, 59-5, 59-6).   Upon review of the file, the Court finds that the Second Amended Petition for Declaratory Judgment (Doc. 59) is substantively the same as the Second Amended Petition (Doc. 56-1).   As a result, the Court will deem the Second Amended Petition for Declaratory Judgment (Doc. 59) as the operative complaint in this matter.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiffs' Motion for Entry of Clerk's Default against Defendant Julie Lippson (Doc. 58) is **GRANTED**.

2.     The Clerk is directed to enter a Clerk's Default against Defendant Julie Lippson.

3.     The Second Amended Petition for Declaratory Judgment (Doc. 59) is deemed as the operative complaint in this matter.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record