UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFECO INSURANCE COMPANY
OF ILLINOIS and SAFECO
INSURANCE COMPANY OF
AMERICA,

   Plaintiffs,

v.             Case No: 2:16-cv-837-FtM-38CM

JOSEPH A. TREMBLAY, CODY
JAMES MORRISON, ROMARRIO
ANTHONY SCOTT, RAQUEL
MARIA NUNEZ, JULIE LIPPSON
and STEVEN LIPPSON,

   Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion for Entry of Clerk's Default against Defendant Steven A. Lippson ("Lippson"), as Legal Guardian of Seth Lippson (Doc. 66) filed on May 12, 2017. Plaintiffs seek a Clerk's entry of default as to Lippson. Doc. 66. On May 11, 2017, Plaintiffs filed an Affidavit of Process Server. Doc. 65.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

When service of process has been effected but no appearance or response

is made within the time and manner provided by Rule 12, Fed. R. Civ.
P., the party effecting service shall promptly apply to the Clerk for entry
of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

The Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and the complaint to the individual personally. Fed. R. Civ. P. 4(e)(2)(A). Here, the Affidavit of Process Server states that on April 18, 2017, a process server for S&W Process Service personally served Lippson by delivering a true copy of the Summons in a Civil Action, the Second Amended Petition for Declaratory Judgment, and Exhibits A-F to Lippson, at 858 Benton Station Road, TN 37307. Doc. 65 at 1. Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons

and complaint. Lippson has failed to do so within the time period; therefore, the entry of Clerk's default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Entry of Clerk's Default against Defendant Steven A. Lippson, as Legal Guardian of Seth Lippson (Doc. 66) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's default against Defendant Steven A. Lippson, as Legal Guardian of Seth Lippson.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record