UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFECO INSURANCE COMPANY OF
ILLINOIS and SAFECO INSURANCE
COMPANY OF AMERICA,

    Plaintiffs,

v.                                                      Case No: 2:16-cv-837-FtM-38CM

JOSEPH A. TREMBLAY, CODY
JAMES MORRISON, ROMARRIO
ANTHONY SCOTT, RAQUEL
MARIA NUNEZ, JULIE LIPPSON
and STEVEN LIPPSON,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Safeco Insurance Company of America's Motion for Reconsideration (Doc. 96) and Defendant Cody Morrison's Response in Opposition (Doc. 97). Safeco America moves the Court to reconsider its Opinion and Order that granted in part and denied in part Plaintiffs' summary judgment motion. (Doc. 94). For the following reasons, the Court grants in part and denies in part Safeco America's motion.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

This declaratory judgment suit arose to resolve an insurance coverage dispute. In July 2015, Defendant Joseph Tremblay leased a Nissan Rogue for his friend, Defendant Julie Lippson. (Doc. 78 at ¶ 5). In April 2016, Julie's husband, Seth Lippson, was driving the Rogue when he allegedly caused an accident that injured Morrison. (*Id.* at ¶ 7). Thereafter, Morrison sued Tremblay and Seth Lippson for negligence in Florida state court.[2] (Doc. 78-13). The underlying state court action remains ongoing.

Before the car accident, Safeco Insurance Company of Illinois issued Tremblay three motor vehicle policies. (Docs. 78 at ¶¶ 1-3; 78-2; Doc. 78-3; 78-4). The policies covered two cars and one motorcycle. (Docs. 78-2; 78-3; 78-4). In addition to these policies, Safeco America issued Tremblay an umbrella insurance policy, which required him to provide underlying liability insurance for all motor vehicles he owned, leased, or used. (Doc. 78 at ¶ 4; Doc. 78-4 at 6). These policies were in effect at the time of the car accident. Notably, Tremblay failed to add the Nissan Rogue to any policy and Plaintiffs were unaware of the leased vehicle until two weeks after the accident. (Doc. 78 at ¶ 6).

Plaintiffs bring this three-count action under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Docs. 1; 10). On May 7, 2018, the Court granted Plaintiffs' summary judgment motion as to Counts I and II because the automobile and motorcycle policies did not cover the April 2016 car accident and, thus, Safeco Illinois had no duty to defend/indemnify Tremblay, the Lippsons, or anyone else under the policies. (Doc. 94 at 4). As to Count III, the Court denied summary judgment because it lacked jurisdiction to

---

[2] Morrison's underlying state action pending in the Twentieth Judicial Circuit in and for Charlotte County, Florida is styled as *Cody J. Morrison v. Seth Tyler Lippson and Joseph A. Tremblay*, No. 16001316CA.

decide the unripe issue of whether Safeco America had a duty to indemnify Tremblay under the umbrella policy. (*Id.* at 5-8). Safeco America now seeks reconsideration of the Court's ruling on Count III.

**LEGAL STANDARD**

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. See *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. The former typically prevails, as reconsideration of an order is an extraordinarily remedy used sparingly. See *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Courts recognize three grounds to justify reconsideration of a prior order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. See *McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "A motion to reconsider is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Michael Linet, Inc. v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005). "A motion to reconsider should raise new

3

issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning").

## DISCUSSION

Safeco America seeks reconsideration of the Court's ruling on Count III because it (1) did not address Safeco America's duty to defend and indemnify Julie and Seth Lippson under the umbrella policy; and (2) declined to exercise jurisdiction over whether Safeco America had a duty to indemnify Tremblay. (Doc. 96). Morrison agrees that the Court should have decided whether Safeco America has a duty to defend/indemnify Julie or Seth Lippson under the umbrella policy. (Doc. 97 at 2). However, Morrison argues that the Court should deny reconsideration as to Tremblay because the Court correctly found it lacked jurisdiction to decide Safeco America's duty to indemnify Tremblay. (*Id.* at 5-7). The Court will discuss Safeco America's two arguments below.

### A. Duty to Defend/Indemnify Lippsons Under the Umbrella Policy

Safeco America and Morrison agree that the Court should decide whether Safeco America has a duty to defend and indemnify Julie or Seth Lippson under the umbrella policy issued to Tremblay. (Docs. 96 at 1-2; 97 at 1-2). Safeco America also argues the Court's failure to do so in its prior Opinion and Order was clear error. Because the parties agree to a declaration on this matter, the Court will provide one here.

To start, the Court has jurisdiction to decide whether Safeco America has a duty to *defend* Julie and Seth Lippson under the umbrella policy even though the underlying

state action is ongoing.  See *Colony Ins. Co. v. Montecito Renaissance, Inc.*, No. 8:09-CV-1469-T-30MAP, 2011 WL 4529948, at \*14 (M.D. Fla. Sept. 30, 2011) ("In Florida, at least where the declaratory judgment action will not decide facts that will be decided in the underlying case, courts should decide an insurer's duty to defend before the resolution of the underlying case as it is an 'irreparable injury' for an insurer to defend a case when no duty to defend exists." (citations omitted)); *see also Hartford Fire Ins. Co. v. Peninsula Logistics, Inc.*, No. 6:14-cv-00154-GAP-GJK, 2014 WL 1416339, \*2 (M.D. Fla. Apr. 11, 2014) ("An insurer is irreparably injured if it is required to defend a case without a contractual duty to do so.").  Here, it is appropriate for the Court to decide Safeco America's duty to defend because it need not decide factual issues in the underlying state action and a delayed decision may irreparably injure Safeco America.

"Under Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify." *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010) (internal quotation marks and citation omitted).  "In Florida, whether an insurer has a duty to defend depends solely on the allegations in the complaint and the terms of the insurance policy." *J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x. 918, 926 (11th Cir. 2014) (citing *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So. 2d 533, 536 (Fla. 1977)); *see also Jones v. Fla. Ins. Guar Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005) (citations omitted) (stating an insurer has a duty to defend a suit when the complaint alleges "facts that fairly and potentially bring the suit within the policy coverage.")).  "If it is determined that [an insurer] has no duty to defend its insured, then there would be no corresponding duty to indemnify." *Northern Assur. Co. of Am. v. Custom Docks by Seamaster, Inc.*, No. 8:10-cv-1869-T-27MAP, 2011 WL 117046, \*2

(M.D. Fla. 2011) (citing *WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 16 So. 3d 904, 907 (Fla. 2d DCA 2009)).

Here, Safeco America argues that it has no duty to defend Seth and Julie Lippson because they are not "insureds" under the umbrella policy. (Doc. 78 at 11-12). Safeco America thus asserts it has no duty to defend the Lippsons in the state case and, in turn, no duty to indemnify them – and Morrison agrees. (Docs. 82 at 5; 97 at 2). After reviewing the Complaint, umbrella policy, and the parties' arguments, the Court concurs with Safeco America and Morrison. Julie and Seth Lippson are neither named insureds nor fall under the umbrella policy's definition of a "family member." (Docs. 10 at ¶ 83; 82 at 5; 97 at 2). Safeco America, therefore, has no duty to defend or indemnify the Lippsons in the underlying state action. *See Northern Assur. Co. of Am.*, 2011 WL 117046, at *2. Accordingly, Safeco America's Motion for Reconsideration is granted on this ground.

## B. Duty to Defend/Indemnify Tremblay Under the Umbrella Policy

Safeco America next argues that the Court committed clear error by declining to exercise jurisdiction over whether it owed Tremblay a duty to indemnify under the umbrella policy. (Doc. 96 at 2, 4-8). The Court disagrees.

Safeco America has not shown any ground to justify the Court reconsidering its prior Opinion and Order on this ground. It has shown neither an intervening change in controlling law nor new evidence that has become available. It similarly fails to show how reconsideration is necessary to correct a clear error or prevent manifest injustice. Instead, Safeco America uses this motion to re-litigate issues the Court already considered and rejected. At its core, Safeco America's motion asks this Court to reassess its decision, meanwhile failing to consider the reasons why its arguments to the contrary

failed.  The Court stands behind its finding that it lacked jurisdiction to declare that Safeco America owes Tremblay a duty to indemnify under the umbrella policy.  The Court thus denies Safeco America's Motion for Reconsideration as it pertains to Tremblay and the umbrella policy.

Accordingly, it is now

**ORDERED:**

Plaintiff Safeco Insurance Company of America's Motion for Reconsideration (Doc. 96) is **GRANTED in part** and **DENIED in part**.

1. The Court GRANTS Plaintiff Safeco America's Motion for Reconsideration (Doc. 96) to the extent that it has reviewed whether Safeco America is entitled to a declaration on its duty to defend/indemnify the Lippsons under the umbrella policy.  For the reasons stated above, the Court finds that no such duties exist.

2. The Court DENIES Plaintiff Safeco America's Motion for Reconsideration (Doc. 96) in all other aspects.

3. The Court will issue an amended Opinion and Order on Plaintiffs' Motion for Summary Judgment (Doc. 94) reflecting today's decision.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of June 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7