UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFECO INSURANCE COMPANY OF
ILLINOIS and SAFECO INSURANCE
COMPANY OF AMERICA,

    Plaintiffs,

v.                                                  Case No: 2:16-cv-837-FtM-38CM

JOSEPH A. TREMBLAY, CODY
JAMES MORRISON, ROMARRIO
ANTHONY SCOTT, RAQUEL
MARIA NUNEZ, JULIE LIPPSON
and STEVEN LIPPSON,

    Defendants.
_____/

## SECOND AMENDED[1] OPINION AND ORDER[2]

Pending before the Court is a Motion for Summary Judgment filed by Plaintiffs Safeco Insurance Company of Illinois ("Safeco Illinois") and Safeco Insurance Company

---

[1] This Second Amended Opinion and Order is identical to this Court's prior Amended Opinion and Order (Doc. 99), except that it has been amended to correct a clerical error to reflect that Count III is dismissed **without prejudice** as to Tremblay only. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."). This amendment is consistent with the Court's endorsed order granting Safeco America's Motion to Correct Clerical Mistakes and Memorandum of Law (Doc. 102).

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

of America ("Safeco America"). (Doc. 78). Only Defendant Cody James Morrison opposes their motion (Doc. 82), to which Plaintiffs have replied (Doc. 85).[3] For the following reasons, the Court grants in part and denies in part Plaintiffs' motion.

## BACKGROUND

Plaintiffs bring this declaratory judgment suit to resolve an insurance coverage dispute. The facts are largely undisputed. In July 2015, Defendant Joseph Tremblay leased a Nissan Rogue for Defendant Julie Lippson. (Doc. 78 at ¶ 5). About nine months later, on April 16, 2016, Julie's husband was driving the Rogue when he allegedly caused an accident that injured Morrison. (Doc. 78 at ¶ 7). Morrison sued Tremblay and Julie's husband for negligence in state court.[4] (Doc. 78-13). That underlying suit remains ongoing.

Before the accident, Safeco Illinois issued Tremblay two car insurance policies that covered specific cars he owned and named Tremblay and Louise Wilcox as the rated drivers. (Doc. 78 at ¶¶ 1-2; Doc. 78-2; Doc. 78-3). It also issued Tremblay a motorcycle insurance policy for specific motorcycles he owned and named him as the only rated driver. (Doc. 78 at ¶ 3; Doc. 78-4). In addition to the car and motorcycle policies, Safeco America issued Tremblay an umbrella insurance policy that, among other things, required him to provide underlying liability insurance for all motor vehicles he owned, leased, or used. (Doc. 78 at ¶ 4; Doc. 78-4 at 6). The above insurance policies were in effect at the

---

[3] The Clerk of Court has entered Entry of Defaults against the remaining defendants. (Doc. 47, Doc. 61, Doc. 70, Doc. 77). Plaintiffs moved for default judgment on May 11, 2018. (Doc. 95).

[4] Morrison's underlying state action pending in the Twentieth Judicial Circuit in and for Charlotte County, Florida is styled as *Cody J. Morrison v. Seth Tyler Lippson and Joseph A. Tremblay*, No. 16001316CA.

2

time of the April 2016 accident. Important here, Tremblay never added the Rogue to any policy. Nor did he tell Safeco Illinois and Safeco America about the leased Rogue until about two weeks after the accident. (Doc. 78 at ¶ 6).

Plaintiffs bring this three-count action under the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201. (Doc. 59). In Counts I and II, Safeco Illinois seeks a declaration that Tremblay's car and motorcycle policies do not cover claims from the April 2016 accident, and thus it has no duty to defend or indemnify Tremblay or any defendant. (Doc. 59 at ¶¶ 44-80). In Count III, Safeco America requests a declaration that (1) it has no duty to defend/indemnify Julie or Seth Lippson because they are not "insureds" under the umbrella policy; and (2) the umbrella policy provides limited indemnity coverage only for Tremblay's liability from the accident. It also wants the Court to declare, "Safeco's (and Tremblay's) payment obligations will be limited because Florida's financial responsibility law caps the vicarious liability claims against Tremblay" to specific amounts. (Doc. 78 at 2; Doc. 59 at ¶¶ 81-99).

Plaintiffs now move for summary judgment on all counts. Morrison opposes the motion, focusing solely on Safeco America's duty to indemnify Tremblay under the umbrella policy.

**STANDARD OF REVIEW**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of showing that no genuine issues of material fact remain. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could

3

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

In reviewing a motion for summary judgment, the court views the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citation omitted).

## DISCUSSION

### A. Car and Motorcycle Policies (Counts I and II)

Safeco Illinois argues it has no duty to defend Tremblay (and the Lippsons) in Morrison's underlying state suit because Tremblay's car and motorcycle policies do not cover bodily injury or property damage claims arising from the April 2016 accident. According to Safeco Illinois, no coverage exists because Tremblay never insured the Rogue under the policies and the Lippsons are not "insureds." (Doc. 78 at 6-11). No Defendant, including Morrison, challenges Safeco Illinois' arguments on Counts I and II. (Doc. 82 at 5-6).

After careful review of the insurances policies and applicable law, the Court finds Safeco Illinois to be right. The car and motorcycle policies issued to Tremblay do not cover any claims arising from the April 2016 accident. (Doc. 78-2, Doc. 78-3, Doc. 78-4). Consequently, Safeco Illinois has no duty to defend Tremblay, the Lippsons, or anyone

4

else under these policies. And because there is no duty to defend, there is no duty to indemnify. *See Northern Assurance Co. of Am. v. Custom Docks by Seamaster, Inc.*, No. 8:10-cv-1869-T-27MAP, 2011 WL 117046, at *2 (M.D. Fla. 2011) ("If it is determined that [an insurer] has no duty to defend its insured, then there would be no corresponding duty to indemnify." (citation omitted)). The Court thus grants Plaintiffs' motion for summary judgment as to Counts I and II.

## B. Umbrella Policy (Count III)

### 1. Duty to Defend/Indemnify Lippsons

Safeco America and Morrison agree that Safeco America has no duty to defend and indemnify Julie or Seth Lippson under the umbrella policy issued to Tremblay. (Docs. 96 at 1-2; 97 at 1-2). Because the parties agree to a declaration on this matter, the Court will provide one here.

To start, the Court has jurisdiction to decide whether Safeco America has a duty to *defend* Julie and Seth Lippson under the umbrella policy even though the underlying state action is ongoing. *See Colony Ins. Co. v. Montecito Renaissance, Inc.*, No. 8:09-CV-1469-T-30MAP, 2011 WL 4529948, at *14 (M.D. Fla. Sept. 30, 2011) ("In Florida, at least where the declaratory judgment action will not decide facts that will be decided in the underlying case, courts should decide an insurer's duty to defend before the resolution of the underlying case as it is an 'irreparable injury' for an insurer to defend a case when no duty to defend exists." (citations omitted)); *see also Hartford Fire Ins. Co. v. Peninsula Logistics, Inc.*, No. 6:14-cv-00154-GAP-GJK, 2014 WL 1416339, *2 (M.D. Fla. Apr. 11, 2014) ("An insurer is irreparably injured if it is required to defend a case without a contractual duty to do so."). Here, it is appropriate for the Court to decide Safeco

America's duty to defend because it need not decide factual issues underlying in the state action and a delayed decision may irreparably injure Safeco America.

"Under Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify." *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010) (internal quotation marks and citation omitted). "In Florida, whether an insurer has a duty to defend depends solely on the allegations in the complaint and the terms of the insurance policy." *J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x. 918, 926 (11th Cir. 2014) (citing *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So. 2d 533, 536 (Fla. 1977)); *see also Jones v. Fla. Ins. Guar Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005) (citations omitted) (stating an insurer has a duty to defend a suit when the complaint alleges "facts that fairly and potentially bring the suit within the policy coverage.")). "If it is determined that [an insurer] has no duty to defend its insured, then there would be no corresponding duty to indemnify." *Northern Assur. Co. of Am. v. Custom Docks by Seamaster, Inc.*, No. 8:10-cv-1869-T-27MAP, 2011 WL 117046, *2 (M.D. Fla. 2011) (citing *WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 16 So. 3d 904, 907 (Fla. 2d DCA 2009)).

Here, Safeco America argues that it has no duty to defend Seth and Julie Lippson because they are not "insureds" under the umbrella policy. (Doc. 78 at 11-12). Safeco America thus asserts it has no duty to defend the Lippsons in the state case and, in turn, no duty to indemnify them – and Morrison agrees. (Docs. 82 at 5; 97 at 2). After reviewing the Complaint, umbrella policy, and the parties' arguments, the Court concurs with Safeco America and Morrison. Julie and Seth Lippson are neither named insureds nor fall under the umbrella policy's definition of a "family member." (Docs. 10 at ¶ 83; 82 at 5; 97 at 2).

6

Safeco America, therefore, has no duty to defend or indemnify the Lippsons in the underlying state action. See Northern Assur. Co. of Am., 2011 WL 117046, at *2. Accordingly, Safeco America's motion is granted on this ground.

### 2. Duty to Indemnify Tremblay

Safeco America admits it has a duty to defend Tremblay under the umbrella insurance policy: "Safeco America is defending Tremblay under the umbrella policy. There is no declaration necessary on this issue." (Doc. 78 at 4 n.15). This admission is important because it means that Safeco America's duty to indemnify Tremblay is the only question at issue for summary judgment. See Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (stating an insurer's duty to indemnify and duty to defend are distinct concepts under Florida law); Admiral Ins. Co. v. Spira, No. 6:08-cv-1772-ORL-22DAB, 2010 WL 11507122, at *4 (M.D. Fla. Mar. 31, 2010) ("An insurer's duty to defend is broader then its duty to indemnify" (citation omitted)). This admission is also important because it precludes summary judgment – because Morrison's state court action is ongoing, Safeco America's quest for a declaration on indemnification is not ripe for review.[5] See Atain Specialty Ins. Co. v. Sanchez, No. 8:17-cv-1600-T-23AEP, 2018 WL 1991937, at *1-2 (M.D. Fla. Apr. 27, 2018) ("The duty to indemnify is determined 'by the underlying facts adduced at trial or developed through discovery during litigation'" (citation omitted)).

The Act grants federal courts discretion to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is

---

[5] Safeco America has produced no evidence that Morrison's state court suit has settled, ended in a judgment, or otherwise been resolved.

or could be sought." 28 U.S.C. § 2201(a); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995) (stating the Supreme Court has "repeatedly characterized the . . . Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" (internal quotation marks and citations omitted)). To prevent an advisory opinion, a declaratory judgment must resolve actual "Cases" or "Controversies" per Article III of the United States Constitution. U.S. Const. art. 3, § 2. The case or controversy requirement means, "under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (citations omitted). "[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury . . . . The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.* (internal and other citations omitted). In other words, courts may only decide ripe issues. *See Atain Specialty*, 2018 WL 1991937, at *2 ("The jurisdictional and prudential components of the ripeness doctrine protect 'federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes.'" (quoting *Dig. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997))). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Id.* (citation omitted).

This portion of Count III is not ripe for the Court's review because Safeco America seeks to define its duty to indemnify before the state court imposes liability on Tremblay (or anyone else). *See J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918,

8

927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."); Northland Cas., 160 F. Supp. 2d at 1360 ("Because an insurer's duty to indemnify is dependent on the outcome of the case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." (citations omitted)). With the state court case ongoing, Safeco America is concerned about a future injury that is neither real nor concrete. If Tremblay is found not liable in the state court case then Safeco America need not indemnify him. Safeco America thus wants the Court to issue a declaration on its duty to indemnify in the *potential* event that Tremblay is liable. This request amounts to nothing more than an advisory opinion of the parties' respective rights and liabilities. *See* Watermark Constr., L.P. v. Southern-Owners Ins. Co., No. 6:17-cv-1814-Orl-40TBS, 2018 WL 1305913, at *6 (M.D. Fla. Mar. 13, 2018) (finding that a request for a declaration before a finding of liability is "nothing more than a request for an impermissible advisory opinion"). "[I]t is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960).[6]

Other courts have similarly declined to decide indemnification before an underlying state court action ends. *See* Atain Specialty, 2018 WL 1991937, at *2 (dismissing unripe requests for a declaratory judgment where an insurance company "aspire[d] to define the duty to indemnify before the imposition of liability on the insured"); Interstate Fire & Cas.

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

*Co. v. McMurry Constr. Co., Inc.*, No. 6:16-cv-841-Orl-41TBS, 2017 WL 821746, at *3-4 (M.D. Fla. Mar. 2, 2017) (dismissing a declaratory judgment action because no immediate controversy or impending injury could be determined until after the underlying state court claim was resolved). What is more, Plaintiffs have not articulated what, if any hardships, they will suffer if the declaratory claim is not decided until after Tremblay's liability is determined. At best, Plaintiffs state that settlement may be facilitated if the Court determines the parties' rights under the contract. This argument is not persuasive. "Although clarification of the indemnity question might expedite a settlement, that uncertain prospect must yield to the benefits of dismissal." *Atain Specialty*, 2018 WL 1991937, at *3 (footnote and citations omitted).

Because the issue of Safeco America's duty to indemnify Tremblay is not ripe and "prudence strongly disfavors resolving the unripe question of [this] duty[.]" *Id.* at *2 (citations omitted). The Court, therefore, denies Plaintiffs' motion for summary judgment on this ground and dismisses Count III without prejudice for lack of jurisdiction as to Tremblay only.

Accordingly, it is

**ORDERED:**

(1) Plaintiffs Safeco Insurance Company of Illinois and Safeco Insurance Company of America's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.

    a. The motion is **GRANTED** as to Counts I and II.

b. The motion is **GRANTED** as to the duty to defend/indemnify Julie and Seth Lippson and **DENIED** as to the duty to indemnify Tremblay under Count III.

c. The Court **DISMISSES Count III without prejudice as to Tremblay only** for lack of jurisdiction and **GRANTS** Count III as to Julie and Seth Lippson.

(2) The Clerk is **DIRECTED** to enter an amended default judgment reflecting this amended order.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of August, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record