UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFECO INSURANCE COMPANY OF
ILLINOIS and SAFECO INSURANCE
COMPANY OF AMERICA,

        Plaintiffs,

v.                                                                          Case No:  2:16-cv-837-FtM-38CM

JOSEPH A. TREMBLAY, CODY
JAMES MORRISON, ROMARRIO
ANTHONY SCOTT, RAQUEL
MARIA NUNEZ, JULIE LIPPSON
and STEVEN LIPPSON,

        Defendants.

_____/

## AMENDED[1] OPINION AND ORDER[2]

This matter comes before the Court on Plaintiffs Safeco Insurance Company of

Illinois and Safeco Insurance Company of America's Motion for Default Judgment against

---

[1] This Amended Opinion and Order is identical to this Court's prior Order and Opinion (Doc. 100), except that it has been amended to correct a clerical error to reflect that Count III is dismissed **without prejudice** as to Tremblay only.  *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.").  This amendment is consistent with the Court's endorsed order granting Safeco America's Motion to Correct Clerical Mistakes and Memorandum of Law (Doc. 102).

[2] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendants Joseph A. Tremblay, Romarrio Anthony Scott, Raquel Maria Nunez, Julie Lippson, and Steven Lippson.[3] (Doc. 95). For the reasons set forth below, the Court grants the motion.

Plaintiffs bring this declaratory judgment action to resolve an insurance coverage dispute. In July 2015, Defendant Joseph Tremblay leased a Nissan Rogue for Defendant Julie Lippson. (Doc. 78 at ¶ 5). In July 2016, Julie's husband, Seth Lippson, was driving the Rogue when he allegedly caused an accident that injured Morrison. (*Id.* at ¶ 7). Morrison sued Tremblay and Seth Lippson for negligence in Florida state court. (Doc. 78-13).

Before the accident, Plaintiffs issued four insurance policies to Tremblay – none of which covered the Rogue. Specifically, Safeco Illinois issued Tremblay two car insurance policies and named Tremblay and Louise Wilcox as the rated drivers. (Docs. 78 at ¶¶ 1-2; 78-2; 78-3). It also issued Tremblay a motorcycle insurance policy and named him as the only rated driver. (Docs. 78 at ¶ 3; 78-4). In addition to the car and motorcycle policies, Safeco America issued Tremblay an umbrella insurance policy that, among other things, required him to provide underlying liability insurance for all motor vehicles he owned, leased, or used. (Docs. 78 at ¶ 4; 78-4 at 6). The above insurance policies were in effect at the time of the April 2016 accident. Important here, Tremblay never added the Rogue to any policy. Nor did he tell Safeco Illinois and Safeco America about the leased vehicle until about two weeks after the accident. (Doc. 78 at ¶ 6).

---

[3] The Court refers to Defendant Steven Lippson as legal guardian of Defendant Julie Lippson's husband, Seth Lippson.

Plaintiffs bring this three-count action under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 59). In Counts I and II, Safeco Illinois seeks a declaration that Tremblay's car and motorcycle policies do not cover claims from the accident, and thus it has no duty to defend or indemnify Tremblay or any other defendant. In Count III, Safeco America wants a declaration that (1) it has no duty to defend/indemnify Julie or Seth Lippson because they are not "insureds" under the umbrella policy; and (2) the umbrella policy gives limited indemnity coverage only for Tremblay's liability from the accident.

All Defendants, except for Cody Morrison[4], did not defend against this case after Plaintiffs properly served them with process. As such, Plaintiffs moved for the Clerk's entry of default as to Tremblay, Scott, Nunez, Julie Lippson, and Steven Lippson. (Doc. 74). The Clerk then entered defaults as to all under Federal Rule of Civil Procedure 55(a). (Docs. 47, 61, 70, 77).

Plaintiffs subsequently moved for summary judgment on all three counts, which the Court granted in part and denied in part. (Docs. 78; 94). As to Counts I and II, the Court found the car and motorcycle policies issued to Tremblay did not cover any claims arising from the accident. (Doc. 94 at 4). And thus, Safeco Illinois had no duty to defend, and in turn no duty to indemnify, Tremblay, the Lippsons, or anyone else under the policies. (*Id.*). As to Count III, the Court found it was not ripe for review because Safeco America sought to define its duty to indemnify before the state court imposed liability on Tremblay and thus it dismissed the count. (*Id.* at 5-8). The Court also discussed the defaulted Defendants and Plaintiffs responded by filing the instant motion. (*Id.* at 8). Thereafter, Safeco America moved the Court to reconsider its order, in part, because it

---

[4] Morrison answered the operative pleading on December 19, 2016. (Doc. 16).

did not address Safeco America's duty to defend/indemnify the Lippsons under the umbrella policy. (Doc. 96). The Court granted Safeco America's motion to reconsider and amended its order to declare that Safeco America had no duty to defend and no duty to indemnify the Lippsons because they are not "insureds" under the umbrella policy. Against this procedural backdrop, the Court turns to the motion at hand.

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent. *See* Fed. R. Civ. P. 55(b)(2). However, an entry of a clerk's default does not *per se* warrant an entry of default judgment. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted). Rather, a court must ensure a sufficient basis in the pleadings to enter judgment. *See id*. This means the court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive basis in the pleadings of the particular relief sought." *Id*.

Based on the well-pleaded allegations in the Amended Complaint, and for the same reasons detailed in the Court's Second Amended Order on Plaintiffs' summary judgment motion, the Court finds that Safeco Illinois has established its entitlement to a declaratory judgment that (1) the applicable automobile and motorcycle policies issued to Tremblay do not cover any claims arising from the April 10, 2016 accident; and (2) Safeco Illinois has no duty to defend and no duty to indemnify any Defendants, or anyone else,

from or against any claims arising from the accident. In addition, Safeco America is entitled to a declaratory judgment that it has no duty to defend and no duty to indemnify Julie or Seth Lippson under the umbrella policy. No declaratory judgment is warranted for Count III as to Safeco America's duty to indemnify Tremblay because the Court dismissed that claim without prejudice. Thus, Plaintiffs' Motion for Entry of Default Judgment is granted on Counts I and II as to Defendants Tremblay, Scott, Nunez, Julie Lippson, and Steven Lippson and Count III as to Defendants Julie and Steven Lippson only.[5]

Accordingly, it is now

**ORDERED:**

Plaintiffs Safeco Insurance Company of Illinois and Safeco Insurance Company of America's Motion for Default Judgment against Defendants Joseph A. Tremblay, Romarrio Anthony Scott, Raquel Maria Nunez, Julie Lippson, and Steven Lippson (Doc. 95) is **GRANTED**.

    (1) The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Safeco Insurance Company of Illinois and against Defendants Tremblay, Scott, Nunez, Julie Lippson, and Steven Lippson as to Counts I and II.

    (2) The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Safeco Insurance Company of America and against Defendants Julie and Steven Lippson as to Count III.

---

[5] Plaintiffs do not request a hearing and the Court finds that a hearing is unnecessary in light of Federal Rule of Civil Procedure 55(b)(2) because it does not need to conduct an accounting, decide the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of August, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record